**BELLATRIX LAW, P.C.**
Brianna K. Pierce (State Bar No. 336906)
16868 Via Del Campo Ct., Ste 100
San Diego, California 92127
Telephone: (858) 338-5650
E-Mail: bkp@bellatrix-law.com

*Attorney for Defendant Kaizencure*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JWAL SHELAT, individually and on behalf of all other similarly situated,<br><br>                              Plaintiff,<br>v.<br><br>KAIZENCURE LLC, d/b/a CRAFTORIA,<br><br>                              Defendant. | Case No. 3:24-cv-04696-AMO<br><br>Hon. Araceli Martinez-Olguin<br><br>**DEFENDANT'S MOTION TO DISMISS**<br><br>Hearing Date: June 6, 2025 |

# NOTICE OF MOTION AND MOTION

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 6, 2025, or at a time convenient for the Court, before the Honorable Araceli Martinez-Olguin, Defendant Kaizencure LLC ("Defendant") will and hereby does move the Court for an order to dismiss Plaintiff's Complaint (Dkt. 1).

This motion is based on this Notice of Motion and Motion, the incorporated Memorandum of Law, the attached Declaration of M. Dobrenko, and any argument that may be presented to the Court.

Dated: December 17, 2024         Respectfully submitted,

*/s/ Brianna K. Pierce*
Brianna K. Pierce (State Bar No. 336906)
**BELLATRIX LAW, P.C.**
16868 Via Del Campo Ct., Ste 100
San Diego, California 92127
Telephone: (858) 338-5650
E-Mail: bkp@bellatrix-law.com

*Attorney for Defendant Kaizencure*

**Table of Contents**

I. Introduction ........................................................................................................................1

II. Relevant Factual and Procedural Background ...................................................................1

III. Argument............................................................................................................................2

    A. Standing Is an Indispensable Part of an Article III Case or Controversy...................2

    B. Plaintiff Has Failed to Establish Two of Three Requirements for Standing..............4

        i. Causality...........................................................................................................5

        ii. Redressability ..................................................................................................6

IV. Conclusion..........................................................................................................................7

# Table of Authorities

**Cases**         **Page(s)**

*Bates v. UPS*, 511 F.3d 974 (9th Cir. 2007)..................................................................................5

*Brown v. Core-Mark Int'l, Inc.*, No. 18-CV-07451, 2019 WL 2076708 (N.D. Cal.).........................3

*California v. Trump*, 379 F. Supp. 3d 928 (N.D. Cal. 2019)
    *aff'd*, 963 F.3d 926 (9th Cir. 2020).................................................................................2–3

*Cent. Delta Water Agency v. United States*, 306 F.3d 938 (9th Cir. 2002).......................................3

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013) .......................................................................6

*Coho Salmon v. Pac. Lumber Co.*, 61 F. Supp. 2d 1001 (N.D. Cal. 1999).......................................6

*Colwell v. Dep't of Health & Hum. Servs.*, 558 F.3d 1112 (9th Cir. 2009) ......................................3

*Darensburg v. Metro. Transp. Comm'n*, No. C-05-01597, 2008 WL 3915349 (N.D. Cal.)..........5–6

*Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59 (1978) .......................6

*Idaho Conservation League v. Mumma*, 956 F.2d 1508 (9th Cir. 1992) ..........................................6

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992)......................................................................3–4, 6

*Murthy v. Missouri*, 603 U.S. 43 (2024) ......................................................................................5–6

*Raines v. Byrd*, 521 U.S. 811 (1997)...........................................................................................3, 6

*Robinson v. Lee*, No. 24-cv-04228-TSH, 2024 WL 4859083 (N.D. Cal. 2024)...............................3

*Schultz v. Harry S. Truman Scholarship Found.*
    No. 20-CV-04058-MMC, 2022 WL 3691663 (N.D. Cal.) ..............................................6–7

*Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26 (1976) .....................................5–6

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016)...............................................................................2–3

*St. Clair v. City of Chico*, 880 F.2d 199 (9th Cir. 1989) .................................................................3

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) .........................................................6–7

*Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136 (9th Cir. 2003)...........................................3

*Wood v. City of San Diego*, 678 F.3d 1075 (9th Cir. 2012) .............................................................3

**Other authorities**

U.S. Const. Art. III ...................................................................................................................2–3, 6

Fed. R. Civ. P. 12 .......................................................................................................................1–3

I.     **INTRODUCTION**

The Plaintiff has filed suit, on behalf of a purported class, against the website "Craftoria" for alleged violations of various California consumer protection laws related to the sale of paint-by-numbers kits. Rather than suing Craftoria, Plaintiff has sued "Kaizencure LLC," the purported LLC that does business as Craftoria. However, the Complaint lacks sufficient allegations that Kaizencure actually *is*, *owns*, or *controls* Craftoria. Moreover, as the attached declaration of Marek Dobrenko, the owner of Kaizencure, makes clear, Kaizencure is *not* Craftoria and does *not* own or control Craftoria. Accordingly, because the Plaintiff's alleged injury set forth in the Complaint was caused by a third party not before the Court—and *not* caused by Defendant Kaizencure LLC—the Plaintiff does not have standing, which is an indispensable requirement for federal subject-matter jurisdiction. As a result, Defendant Kaizencure LLC ("Kaizencure") respectfully moves this Court to dismiss this case for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

II.    **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On or about February 2024, Plaintiff alleges to have purchased a paint-by-numbers kit from a website doing business as Craftoria. Dkt. 1 at ¶ 9.

On May 13, 2024, Plaintiff and his counsel sent a demand letter to Defendant Kaizencure describing Plaintiff's allegations against Craftoria. Decl. of M. Dobrenko at ¶ 9; Ex. B.

In or about July 2024, Marek Dobrenko, the owner of Defendant Kaizencure, learned of the allegations against Craftoria by reading Plaintiff's demand letter. Dobrenko was surprised that such a letter was sent to Kaizencure, as Kaizencure has no control, ownership, or association with the website doing business as Craftoria and Kaizencure has no privity with Plaintiff. Decl. of M. Dobrenko at ¶ 3–8; Ex. A.

On August 2, 2024, Plaintiff filed his Complaint in the United States District Court for the Northern District of California. Dkt. 1. The sole reference to Defendant Kaizencure LLC is this averment:

> Kaizencure is a Delaware limited liability company with a principal place of business in Albuquerque, NM. Defendant manufactures, markets, and advertises and distributes its Products throughout the United States, including California. Defendant manufactured, marketed, and sold the Products during the relevant Class Period. The planning and execution of the advertising, marketing, labeling, packaging, testing, and/or business operations concerning the Products were primarily or exclusively carried out by Defendant.

Dkt. 1 at ¶ 13.

Products are defined generally as the "merchandise available on its website," referring to Craftoria. Dkt. 1 at ¶ 2. There are no specific allegations in the Complaint—*at all*—linking Kaizencure to Craftoria.

On August 28, 2024, Defendant Kaizencure filed its Answer to Class Action Complaint, in which it denied all applicable allegations. Dkt. 11.

On September 18, 2024, Plaintiff filed a Motion to Strike Defendant's Answer, which contested certain affirmative defenses advanced by Defendant. Dkt. 12. After some discussion, on October 2, 2024, the parties filed a joint stipulation to permit Defendant to amend its Answer. Dkt. 13. On October 15, 2024, the Court granted the foregoing stipulation to amend. Dkt. 14. And on October 16, 2024, Defendant filed an Amended Answer, which maintained its denial of all applicable allegations. Dkt. 15.

On December 5, 2024, counsel for Plaintiff and Defendant held a Rule 26(f) Case Management Conference to discuss handling of the case. In that conference, counsel for Defendant notified counsel for Plaintiff of the following: i) that Defendant Kaizencure does not own or control or distribute products on behalf of the Craftoria website which is the subject of Plaintiff's allegations; ii) that, as a result, there is no privity between Plaintiff and Defendant, nor any causal relationship between Plaintiff's alleged injuries and Defendant's actions; and iii) that Defendant would shortly be filing a Motion to Dismiss under Rule 12(b)(1) to notify the Court of the same.

**III.   ARGUMENT**

**A. Standing Is an Indispensable Part of an Article III Case or Controversy.**

Any plaintiff seeking relief in Federal court must show the "irreducible constitutional minimum" of standing. *California v. Trump*, 379 F. Supp. 3d 928, 928 (N.D. Cal. 2019), *aff'd*, 963 F.3d 926 (9th Cir. 2020) (*citing Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May

24, 2016)). This minimum is set by the jurisdictional boundaries of Article III of the Constitution, which grants lower federal courts the power to hear "case[s] or controvers[ies]." *Brown v. Core-Mark Int'l, Inc.*, No. 18-CV-07451-JCS, 2019 WL 2076708 at *3 (N.D. Cal. 2019) (*citing Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). The burden of proving standing lies with the plaintiff. *California*, 379 F. Supp. 3d at 928 (*citing Spokeo, Inc*, 578 U.S. at 338). And the plaintiff must successfully support standing "at each stage of litigation in the same manner as any other essential element of the case." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1138 (9th Cir. 2003) (*citing Cent. Delta Water Agency v. United States*, 306 F.3d 938, 947 (9th Cir. 2002)).

If a Plaintiff does not have standing to bring a claim against a defendant, the federal court hearing the case will no longer have subject-matter jurisdiction to rule on the matter: "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Spokeo, Inc.*, 578 U.S. at 337 (*citing Raines v. Byrd*, 521 U.S. 811, 818 (1997)). No matter what other merits the case may have, where the plaintiff cannot establish standing, "federal courts lack jurisdiction to consider the plaintiff's claims." *Brown*, 2019 WL 2076708 at *3 (*citing Lujan*, 504 U.S. at 559–61).

Although most motions to dismiss should be filed prior to the responsive pleadings (*see* Fed. R. Civ. P. 12(b)), "the deadline for making a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is prolonged by Rule 12(h)(3)," which allows a court to dismiss a case for lack of subject matter jurisdiction "at any time," *Robinson v. Lee*, No. 24-cv-04228-TSH, 2024 WL 4859083 at *2 (N.D. Cal. 2024) (*citing Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012)). Finally, "[i]n support of a motion to dismiss under Rule 12(b)(1), the moving party may submit affidavits or any other evidence." *Colwell v. Dep't of Health & Hum. Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) (*citing St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

Under the three-part test established by the Supreme Court in *Lujan*, the plaintiff must prove the following elements to establish standing:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal

connection between the injury and conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Colwell*, 558 F.3d at 1122 (9th Cir. 2009) (*citing Lujan*, 504 U.S. at 560–61) (*cleaned up*).

Here, for the reasons set forth below, Plaintiff has failed to plead and establish that the second and third elements have been satisfied—*i.e.*, that a causal connection exists between an action of the Defendant Kaizencure and the injury he claims to have suffered, and that an order in his favor would provide the relief he requests from the Court. As noted, Defendant Kaizencure has no relationship with Craftoria or, in turn, with Plaintiff. As a result of these flaws, this Court lacks subject-matter jurisdiction over the case.

**B. Plaintiff Has Failed to Establish Two of Three Requirements for Standing.**

Plaintiff alleges the following actions which have caused the injuries he alleges to have experienced, along with the other putative class members:

- Plaintiff alleges that he purchased a paint-by-numbers kit from the Craftoria website for the price of $29.95. Dkt. 1 at ¶ 9.
- Plaintiff alleges that the Craftoria website shows artificially inflated prices in order to mislead prospective customers about the value of the products and induce sales via discounts. Dkt. 1 at ¶ 26.
- Plaintiff alleges that every item on the Craftoria website bears a strikethrough price and a discount price. Dkt. 1 at ¶ 28–29.
- Plaintiff alleges that the Craftoria website advertises limited-time offers that are not truly limited in time. Dkt. 1 at ¶ 29–33.
- Plaintiff alleges that the sales practices of the Craftoria website are designed specifically to deceive customers. Dkt. 1 at ¶ 34–35.
- Plaintiff alleges that products have never been sold on the Craftoria website at the strikethrough prices listed for each item. Dkt. 1 at ¶ 36.

- Finally, Plaintiff alleges that he suffered harm as a result of the sales tactics used on the Craftoria website. Dkt. 1 at ¶ 38.

Plaintiff goes on to argue that the sales tactics used on the Craftoria website are in violation of the California Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750–1785), Dkt. 1 at ¶ 50–63, the California False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*), Dkt. 1 at ¶ 64–71, and the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*), Dkt. 1 at ¶ 72–91. Additionally, Plaintiff alleges that the sales tactics used on the Craftoria website constitute fraud and unjust enrichment. Dkt. 1 at ¶ 92–102.

However, as described, Plaintiff fails to allege any facts establishing that there is any relationship of privity, identity, or control between Defendant Kaizencure and the Craftoria e-commerce website. This is for the simple reason that none exists. Decl. of M. Dobrenko at ¶ 3–8; Ex. A. Plaintiff did not purchase his paint-by-numbers kit from Defendant. *Id*. The alleged inflated prices seen by Plaintiff were not determined or advertised by Defendant. *Id*. The alleged strikethrough prices were not determined or advertised by Defendant. *Id*. The alleged false limited-time offers were not determined or advertised by Defendant. *Id*. In sum, Defendant's allegations are incorrect because, *contra* Plaintiff's caption in this case, Kaizencure LLC does *not* do business as Craftoria. Dkt. 1 at 1; Decl. of M. Dobrenko at ¶ 3–8; Ex. A. As a result, neither the monetary nor the legal injuries alleged by Plaintiff could possibly have been caused by Defendant. This disjunction is fatal for the case.

i. <u>Causality</u>

Because there is no colorable argument that Defendant and Craftoria share any elements of identity or control, Plaintiff's injury—and indeed those of the entire class he desires to certify[1]—has resulted "from the independent action of some third party not before the court." *Murthy*, 603 U.S. at 44 (*citing Simon*, 426 U.S. at 41–42). Only Kaizencure has been summoned to answer for Craftoria's alleged wrongdoing; no other defendant has been named. Dkt. 10. There is no "causal

---

[1] While standing may be successfully preserved by only "one named plaintiff" in a class action, here only one plaintiff is named—his failure to prove standing dooms the whole case. *Darensburg v. Metro. Transp. Comm'n*, No. C-05-01597-EDL, 2008 WL 3915349 at *3 (N.D. Cal. 2008) (*citing Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007)).

1  connection" between Plaintiff's allegations of harm and any actions taken by Defendant. *Coho*
2  *Salmon v. Pac. Lumber Co.*, 61 F. Supp. 2d 1001, 1013 (N.D. Cal. 1999) (*citing Idaho Conservation*
3  *League v. Mumma*, 956 F.2d 1508, 1517 (9th Cir. 1992)). Therefore, Plaintiff has not met the
4  requirement that the injury is "fairly traceable" to any named defendant's actions, *Murthy*, 603 U.S.
5  at 44 (*citing Clapper*, 568 U.S. at 409), and has failed to establish a proper "case or controversy" as
6  required by Article III of the Constitution, *id.* (*citing Raines*, 521 U.S. at 818).

7      ii.    <u>Redressability</u>

8      Further, because Defendant has no relationship with the Craftoria website, an order in favor
9  of Plaintiff cannot result in the relief he requests. As is often the case, here causation and
10 redressability are "essentially two sides of one coin." *Darensburg*, 2008 WL 3915349 at *9 (*citing*
11 *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 74 (1978)). Where the
12 plaintiff cannot show a likelihood that the "activity which affects [him] will be altered or affected
13 by the [relief he] seek[s] to achieve," he has failed to prove redressability. *Coho Salmon*, 61 F. Supp.
14 2d at 1014 (*citing Lujan*, 504 U.S. at 571). Here, an injunction commanding Kaizencure "to correct
15 its sales practices and to comply with consumer protection statutes" cannot possibly result in
16 compliance from the Craftoria website, because Defendant has no control over the sales practices
17 used on that website. Dkt. 1 at 19; Decl. of M. Dobrenko at ¶ 3–8; Ex. A. Likewise, an order
18 requiring Defendant to pay "full restitution of all monies paid to Defendant *as a result of its*
19 *deceptive practices*" cannot result in relief because Defendant Kaizencure did not receive money
20 "as a result of its deceptive practices." Accordingly, Plaintiff has not met the "likely" threshold to
21 satisfy the redressability prong under *Lujan*—he cannot even reach the threshold of possibility.
22 *Colwell*, 558 F.3d at 1122 (*citing Lujan*, 504 U.S. at 561).

23     Two of the three necessary elements of standing are not present in this case. Because Plaintiff
24 has failed to demonstrate that he possesses standing, this Court does not have subject-matter
25 jurisdiction: "the only function remaining to the court is that of announcing the fact and dismissing
26 the cause." *Schultz v. Harry S. Truman Scholarship Found.*, No. 20-CV-04058-MMC, 2022 WL
27 3691663 at *6 n.6 (N.D. Cal.) (*citing Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

28

## IV. CONCLUSION

Plaintiff has come before this Court with a case that it may not hear because there is no subject-matter jurisdiction over the charged Defendant. Even if one takes all the facts in Plaintiff's Complaint as true, the alleged injury was not caused by the party he has sued. Therefore, he has no standing to bring this case in Federal court. Because Plaintiff has no standing, this Court possesses no subject-matter jurisdiction. As a result, Defendant respectfully requests that this Court dismiss the case.

Dated: December 17, 2024

Respectfully submitted,

*/s/ Brianna K. Pierce*
Brianna K. Pierce (State Bar No. 336906)
**BELLATRIX LAW, P.C.**
16868 Via Del Campo Ct., Ste 100
San Diego, California 92127
Telephone: (858) 338-5650
E-Mail: bkp@bellatrix-law.com

Eric S. Rosen (*pro hac vice*)
**DYNAMIS LLP**
225 Franklin St., 26th Floor
Boston, Massachusetts 02110
Telephone: (617) 802-9157
E-Mail: erosen@dynamisllp.com

Constantine P. Economides (*pro hac vice*)
**DYNAMIS LLP**
1111 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 985-2959
E-Mail: ceconomides@dynamisllp.com

*Attorneys for Defendant Kaizencure*

# CERTIFICATE OF SERVICE

No. 3:24-cv-04696-AMO

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

Dated: December 17, 2024   Respectfully submitted,

*/s/ Brianna K. Pierce*
Brianna K. Pierce (State Bar No. 336906)
**BELLATRIX LAW, P.C.**
16868 Via Del Campo Ct., Ste 100
San Diego, California 92127
Telephone: (858) 338-5650
E-Mail: bkp@bellatrix-law.com

*Attorney for Defendant Kaizencure*