**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
Email: ndeckant@bursor.com

**BURSOR & FISHER, P.A.**
Victoria X. Zhou (*pro hac vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7142
Facsimile:  (212) 989-9163
Email: vzhou@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JWAL SHELAT, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KAIZENCURE LLC d/b/a CRAFTORIA,<br><br>Defendant. | Case No. 3:24-cv-04696-AMO<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date:   June 6, 2025<br>Judge:  Hon. Araceli Martinez-Olguin |

**TABLE OF CONTENTS**

**PAGE(S)**

I.   INTRODUCTION ................................................................................................................1

II.   LEGAL STANDARD .........................................................................................................2

III.  ARGUMENT .......................................................................................................................3

     A.   DEFENDANT'S FACTUAL ATTACK ON STANDING FAILS............................3

     B.   IN THE ALTERNATIVE, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND AND CONDUCT JURISDICTIONASL DISCOVERY .......................................................................................................7

          1.   Should The Court Disagree, Plaintiff Should Be Allowed To Amend The Pleadings To Add Additional Parties Golden Gains, LLC And Marek Dobrenko ..................................................................7

          2.   Plaintiff Should Be Granted Leave To Conduct Jurisdictional Discovery .................................................................................................8

IV.  CONCLUSION ...................................................................................................................9

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Am. W. Airlines, Inc. v. GPA Grp., Ltd.*,
 877 F.2d 793 (9th Cir. 1989) .................................................................................................. 9

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................................ 5

*Augustine v. U.S.*,
 704 F.2d 1074 (9th Cir. 1983) ............................................................................................ 2, 4

*City of Lincoln v. United States*,
 283 F. Supp. 3d 891 (E.D. Cal. 2017) .................................................................................... 9

*Eminence Cap., LLC v. Aspeon, Inc.*,
 316 F.3d 1048 (9th Cir. 2003) ................................................................................................ 3

*Gullen v. Facebook, Inc.*,
 2018 WL 1989497 (N.D. Cal. Mar. 2, 2018) .......................................................................... 3

*Heatherton v. Playboy, Inc.*,
 60 F.R.D. 372 (C.D. Cal. 1973) .............................................................................................. 7

*In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig.*,
 497 F. Supp. 3d 552 (N.D. Cal. 2020) .................................................................................... 6

*Katz-Lacabe v. Oracle Am., Inc.*,
 668 F. Supp. 3d 928 (N.D. Cal. 2023) .................................................................................... 5

*Levitt v. Yelp! Inc.*,
 2011 WL 5079526 (N.D. Cal. Oct. 26, 2011) .................................................................... 3, 4

*M.A. Silva Corks USA, LLC v. M.A. Silva Holdings, Inc.*,
 2024 WL 1180999 (N.D. Cal. Mar. 18, 2024) ........................................................................ 7

*Morongo Band of Mission Indians v. Rose*,
 893 F.2d 1074 (9th Cir. 1990) ................................................................................................ 9

*Patel v. Facebook Inc.*,
 290 F. Supp. 3d 948 (N.D. Cal. 2018) .................................................................................... 3

*Safe Air for Everyone v. Meyer*,
 373 F.3d 1035 (9th Cir. 2004) ............................................................................................ 2, 4

*Stewart v. VA Medical Center*,
 2024 WL 3823790 (N.D. Cal. Aug. 13, 2024) ........................................................................ 3

*Thompson v. Target Corp.*,
   2012 WL 12883954 (C.D. Cal. Aug. 2, 2012) .................................................................. 3

*Vera v. Bureau of Indian Affairs*,
   738 F. App'x 431 (9th Cir. 2018) ................................................................................... 9

*Whitaker v. Broadway Jewelry Mart, LLC*,
   2021 WL 4353241 (C.D. Cal. July 12, 2021) ................................................................ 2

*Young v. Crofts*,
   64 F. App'x 24 (9th Cir. 2003) ....................................................................................... 8

*Young v. United States*,
   769 F.3d 1047 (9th Cir. 2014) .................................................................................... 2, 3

*Zurich Am. Ins. Co. v. SSA Marine, Inc.*,
   2024 WL 3996031 (N.D. Cal. Aug. 29, 2024) ............................................................... 2

**RULES**

Fed. R. Civ. P. 12(b)(1) ............................................................................................... 2, 3, 4

Fed. R. Civ. P. 15(a) ......................................................................................................... 7

Fed. R. Civ. P. 56(d) ......................................................................................................... 9

I.     **INTRODUCTION**

Plaintiff Jwal Shelat ("Plaintiff") brings this putative class action concerning Defendant Kaizencure LLC's ("Defendant" and together with Plaintiff, the "Parties") sale and marketing of paint-by-numbers kits (the "Products") through www.craftoria.com (the "Website"), which Defendant perpetually sells at a purportedly discounted and fictitious "sale price."

In this straightforward false advertising case, Defendant seeks to play a game of corporate whack-a-mole. Defendant was and still is the operator and manager of the Craftoria Facebook account that promotes and advertises the Products and the Website. However, seven months after Plaintiff served his demand letter, Defendant now argues that Plaintiff sued the wrong entity. ECF No. 27-1.[1] At the same time, Defendant changed the Craftoria Website to reflect a new entity, Golden Gains, LLC—an LLC that is coincidentally also owned by Defendant's CEO, Marek Dobrenko. And only after answering Plaintiff's Complaint (ECF No. 11), revising the Website's Terms of Service to reflect a different entity, and revising its Answer in response to Plaintiff's Motion to Strike the Answer (ECF No. 15) did Defendant seek to move to dismiss (Motion to Dismiss, ECF No. 27) ("MTD"), contesting *only* that Plaintiff has the wrong defendant. Defendant's Motion should be denied for at least two reasons.

*First*, it is established Ninth Circuit law that, when jurisdiction and the substantive issues of the merits are closely intertwined, as in the present case, it is improper to decide a jurisdictional attack on a motion to dismiss without converting the motion to one for summary judgment, which requires giving the nonmoving party the chance to conduct discovery and present a factual defense.

*Second*, the sole "owner and operator" of Kaizencure LLC—Marek Dobrenko—is also the sole LLC Manager of the new entity reflected on the Website's Terms of Service, Golden Gains, LLC. Therefore, should the Court disagree with Plaintiff's arguments that the MTD should be denied, the proper alternatives to dismissal would be to allow Plaintiff to amend the pleadings and

---

[1] Defendant took seven months from the service of the demand letter to the filing of its MTD. The first time that Defendant informed Plaintiff of the allegedly improper party was at the meet and confer on Dec. 5, 2024—six months and twenty-three days after service of the demand letter.

add additional parties, or conduct jurisdictional discovery.[2]  The Court should not indulge Defendant's antics in evading liability for its actions, and Defendant's motion should be denied in full.[3]

## II.     LEGAL STANDARD

A "jurisdictional attack" in a motion to dismiss for lack of standing under Federal Rule of Civil Procedure 12(b)(1) "may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*  When hearing factual attacks on jurisdiction, the alleged facts "are not afforded presumptive truthfulness[] … [and] the court may hear evidence of those facts and resolve factual disputes where necessary." *Zurich Am. Ins. Co. v. SSA Marine, Inc.*, 2024 WL 3996031, at *2 (N.D. Cal. Aug. 29, 2024) (citing *Young v. United States*, 769 F.3d 1047, 1052 (9th Cir. 2014)) (Martinez-Olguin, J.).

And "where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Whitaker v. Broadway Jewelry Mart, LLC*, 2021 WL 4353241, at *1 (C.D. Cal. July 12, 2021) (citing *Augustine v. U.S.*, 704 F.2d 1074, 1077 (9th Cir. 1983)); *see also Young v. United States*, 769 F.3d at 1052 (citing *Augustine*, 704 F.2d at 1077) (stating that when an attack on jurisdiction also goes to the merits, "a court should employ the standard applicable to a motion for summary judgment because resolution of [those] jurisdictional facts is akin to a decision on the merits") (internal quotations omitted).  In such motions, the "moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter

---

[2] Plaintiff intends to request leave to file amended pleadings incorporating Mr. Marek Dobrenko and Golden Gains, LLC as additional defendants.

[3] Should the Court find Plaintiff's pleading insufficient, Plaintiff respectfully requests that the Court grant jurisdictional discovery to determine whether Defendant is a proper party.  Plaintiff already served paper discovery on Defendant prior to Defendant's filing of its Motion to Stay Discovery (ECF No. 31).

of law." *Young*, 769 F.3d at 1052 (cleaned up). "[D]isputes in the facts pertinent to subject-matter are viewed in the light most favorable to the opposing party." *Levitt v. Yelp! Inc.*, 2011 WL 5079526, at *2 (N.D. Cal. Oct. 26, 2011), *aff'd*, 765 F.3d 1123 (9th Cir. 2014).

Courts in this Circuit regularly cite this doctrine in standing challenges brought under diversity jurisdiction like the present action. *See, e.g.*, *id.* (finding that because the plaintiffs "ha[d] not been afforded an opportunity to conduct discovery[,] … permitting a Rule 12(b)(1) challenge based on facts asserted by [the defendant] would be inappropriate"); *Patel v. Facebook Inc.*, 290 F. Supp. 3d 948, 956 (N.D. Cal. 2018) (holding that "dispositive disputes on the merits should be decided on summary judgment or at trial, and not in the Rule 12(b)(1) jurisdictional context"); *Thompson v. Target Corp.*, 2012 WL 12883954, at *5 (C.D. Cal. Aug. 2, 2012) ("Jurisdictional determinations may be too intertwined with substance of class claims, as is the case here, to properly analyze standing on a motion to dismiss."); *Gullen v. Facebook, Inc.*, 2018 WL 1989497, at *1 (N.D. Cal. Mar. 2, 2018) ("Facebook's evidence goes to the merits of the case … and is properly resolved on a motion for summary judgment or at trial, not in the jurisdictional context."). "Dismissal of a complaint without leave to amend should only be granted where the jurisdictional defect cannot be cured by amendment." *Stewart v. VA Medical Center*, 2024 WL 3823790, at *4 (N.D. Cal. Aug. 13, 2024) (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)) (Martinez-Olguin, J.).

**III.    ARGUMENT**

    **A.    DEFENDANT'S FACTUAL ATTACK ON STANDING FAILS**

Defendant raises an issue of fact to attack this Court's subject-matter jurisdiction over this action because, according to Defendant, "Defendant Kaizencure has no relationship with Craftoria or, in turn, with Plaintiff." MTD at 4. In support, Defendant submits extrinsic evidence in the form of a declaration signed by Defendant's CEO, Marek Dobrenko, that contradicts the pleadings which describe Defendant's relationship with the Website and the Products. ECF No. 27-1; *see also* MTD at 1, 4-6; Dobrenko Decl. ¶ 8 ("Plaintiff's representations in Paragraph 13 of the Complaint are not accurate."). Defendant's argument should be rejected for at least two reasons: this factual attack on

jurisdiction is improper for decision at the motion to dismiss stage, and regardless, Plaintiff has sufficiently met his burden to show standing.

*First*, this jurisdictional attack is factual and the facts supporting Plaintiff's standing are wholly intertwined with Plaintiff's substantive claims—Plaintiff's claims rise or fall with this Court's decision on whether Plaintiff has standing. *Safe Air for Everyone*, 373 F.3d at 1039 ("The question of jurisdiction and the merits of an action are intertwined where 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.'"); *Augustine*, 704 F.2d at 1077 (the issues are intertwined when "the question of jurisdiction is dependent on the resolution of factual issues going to the merits"). Accordingly, resolution of Defendant's fact-based argument is analyzed under the summary judgment standard, and permitting a Rule 12(b)(1) challenge to be decided solely "based on facts asserted by [Defendant] would be inappropriate." *Levitt*, 2011 WL 5079526, at *3.

*Levitt* is instructive. In *Levitt*, the plaintiffs alleged that Yelp "unlawfully manipulated" content on their business review page to "induce them to pay for advertising." *Id.* at *1. The defendant then moved to dismiss and strike, submitting extrinsic "evidence [that] cast[ed] doubt on [the] plaintiffs' allegations" pertaining to Yelp creating the content at issue in the plaintiff's review pages. *Id.* at *3. The court denied Yelp's motion to dismiss for lack of standing as "inappropriate" because the defendant's extrinsic evidence was "contrary to [the] [p]laintiffs' allegations in their complaint," and the plaintiffs "ha[d] not been afforded an opportunity to conduct discovery." *Id.* Likewise here, Defendant's extrinsic evidence is contrary to Plaintiff's allegations in the Complaint—putting the relevant facts into dispute—and Plaintiff has not been afforded an opportunity to conduct discovery. Thus, viewing the factual dispute regarding Plaintiff's standing in the "light most favorable to the opposing party" (here, Plaintiff), Plaintiff has adequately shown that Defendant is a proper defendant to this action. Accordingly, it would be "improper" for the Court to grant Defendant's motion here as Defendant is not "entitled to prevail as a matter of law." *Augustine*, 704 F.2d at 1079.

*Second*, regardless of its impropriety, Defendant is also wrong that "Plaintiff has failed to plead and establish that … a causal connection exists between Defendant" and Plaintiff's injury, and

that an "order in Plaintiff's favor" "would provide the relief he requests." MTD at 4. To the contrary, Plaintiff has met the relevant pleading standard.

Plaintiff's burden of proof at the pleadings stage is to state plausible allegations and not, as Defendant claims, to "establish facts" by a preponderance of the evidence without discovery. MTD at 4; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (cleaned up). For both prongs of the relevant standing test that Defendant contests, Plaintiff has met his burden.

As to the causal connection, Plaintiff stated in his Complaint that Defendant "manufactures, markets, and advertises and distributes its Products throughout the United States, including California," that "events giving rise to the cause of action occurred as a result of Defendant's purposely directed contacts with California," that "[i]n an effort to increase sales, Defendant engages in a pervasive online marketing scheme," and that "Plaintiff was harmed as a direct and proximate result of Defendant's acts and omissions." ECF No. 1 ¶¶ 13, 15, 17, 26, 38. To establish causation in opposing a motion to dismiss, a plaintiff's alleged "causation chain does not fail simply because it has several links, provided those links … remain plausible." *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 941 (N.D. Cal. 2023) (cleaned up; internal quotations omitted). In addition, here, Defendant was and has been in charge of maintaining Craftoria's Facebook account, which posts and promotes Craftoria's paint-by-numbers kits online—Defendant could not possibly do so without the express agreement of Craftoria. *See* Zhou Decl. ¶¶ 4-6; Ex. 1. At all times relevant to this case, Defendant was responsible for the Craftoria Facebook account. Despite Defendant's untested assertion that it does not have a relationship with the Website, Defendant has ***never*** disputed the fact that it provides online marketing for Craftoria paint-by-numbers products—nor can it. Thus, Plaintiff has readily shown that the "line of causation between [Defendant's] action and [Plaintiff's] alleged harm" exists and is "more than attenuated." *Katz-Lacabe*, 668 F. Supp. 3d at 941 (finding the plaintiffs had established causation, which is a lower standard than "proximate cause") (cleaned up);

*see also In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig.*, 497 F. Supp. 3d 552, 637 (N.D. Cal. 2020) (finding the minor plaintiff had standing to pursue UCL and FAL claims against the defendant when the plaintiff had only purchased the product at issue through third party sellers and an unknown source).

Also notably, Defendant's Declaration does not actually deny Plaintiff's allegations. While Defendant carefully contests Plaintiff's allegations in paragraph 13 of the Complaint, it only states to the extent that "the planning and execution of Craftoria's advertising, marketing, labeling, packaging, testing, and/or business operations [are not] ***primarily*** or ***exclusively*** carried out by Kaizencure." ECF No. 27-1 ¶ 8 (emphasis added). More notable is what Defendant does not say: Defendant fails to state that it and its employees have never engaged in the marketing, advertising, or otherwise promotion of the Products, and/or that Defendant does not benefit financially from the marketing and/or sales of the Products. Indeed, in a false advertising case such as the instant case, the marketing, advertising, and promotion of the Products is the wrongful act that Plaintiff complains of. Defendant's silence on this point is telling.

Finally, Defendant argues that an order in Plaintiff's favor would not provide the relief that Plaintiff requests. MTD at 4. That is nonsensical. Plaintiff has alleged in his Complaint: Defendant offers "sales tactics" that are "made for the sole purpose of deceiving and inducing customers into purchasing products they otherwise would not have purchased," "Defendant's advertised false reference prices and advertised false discounts were material misrepresentations and inducements to Plaintiff's purchase," "Plaintiff was harmed as a direct and proximate result of Defendant's acts and omissions," and "Plaintiff and members of the Class are not receiving the bargain or value that Defendant has misled them to believe." ECF No. 1 ¶¶ 35-40. Thus, an order in Plaintiff's favor would resolve the claims against Defendant that Plaintiff's Complaint alleges. *See id.*

### B. IN THE ALTERNATIVE, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND AND CONDUCT JURISDICTIONASL DISCOVERY

#### 1. Should The Court Disagree, Plaintiff Should Be Allowed To Amend The Pleadings To Add Additional Parties Golden Gains, LLC And Marek Dobrenko

If the Court disagrees that Defendant's MTD should be denied, Plaintiff should be granted leave to amend the pleadings and add additional parties as defendants. Here, the Court should grant Plaintiff leave to amend the pleadings for at least two reasons.

First, Plaintiff seeks leave to amend under Fed. R. Civ. P. 15(a). Here the pretrial scheduling order sets the deadline for amending the pleadings at 21 days after the Court's order on the Defendant's MTD, which has not yet come to pass. ECF No. 28. In these circumstances, "a court should freely give leave [to amend] when justice so requires." *M.A. Silva Corks USA, LLC v. M.A. Silva Holdings, Inc.*, 2024 WL 1180999, at *4 (N.D. Cal. Mar. 18, 2024) (internal quotations omitted) (Martinez-Olguin, J.). Justice requires granting amendment here.

Second, as explained above, Defendant has introduced extrinsic evidence in the form of a declaration signed by its CEO, Marek Dobrenko, and which claims that Defendant does not have a relationship with Craftoria and the Products at issue. This extrinsic evidence essentially invites Plaintiff to add additional defendants to the operative complaint: Marek Dobrenko and Golden Gains, LLC. *See Heatherton v. Playboy, Inc.*, 60 F.R.D. 372, 375 (C.D. Cal. 1973) (granting leave to amend when the plaintiff, through an affidavit attached to the defendant's motion, "learned for the first time of the existence of Sunset News Company, a California corporation who is a party joinable to this action").

By Defendant's own reckoning, Kaizencure LLC's CEO, Mr. Dobrenko, was made aware of the allegations in Plaintiff's demand letter "[i]n or about July 2024." MTD at 1. Yet Defendant never claimed that Plaintiff had sued the wrong entity until December 5, 2024—approximately 5 months after Mr. Dobrenko was made aware of the allegations in Plaintiff's demand letter, and more than 4 months after Plaintiff filed his Complaint.

Throughout this time, the Parties proceeded with the litigation. On August 28, 2024, Defendant filed its Answer to Plaintiff's Complaint; on September 18, 2024, Plaintiff filed a Motion

to Strike Defendant's Answer, contesting certain affirmative defenses; on both September 30, 2024, and October 2, 2024, the Parties conferred via email; on October 2, 2024, Defendant filed a joint stipulation seeking leave to amend their Answer; and on October 16, 2024, Defendant filed an Amended answer.  *See* ECF Nos. 12-15.

And at the time Defendant filed its MTD, the Craftoria Facebook account still stated that Defendant maintains the account.  *See* Zhou Decl. ¶ 4; *id.* Ex. 1.  In addition, the same day that Defendant filed its Answer, Defendant amended the Website's Terms of Service to reflect an entirely new entity, Golden Gains, LLC.  *See* Zhou Decl. ¶ 8; *id.* Ex. 2.  Coincidentally, the sole LLC Manager of Golden Gains LLC is also Mr. Dobrenko, the CEO of Kaizencure—which is in charge of managing the Craftoria Facebook account.  *See id.* ¶¶ 4-6, 9; *id.* Exs. 1, 3.  Thus, Plaintiff should be allowed to amend his pleadings to add in Marek Dobrenko and Golden Gains, LLC as additional defendants.[4]

### 2. Plaintiff Should Be Granted Leave To Conduct Jurisdictional Discovery

In the event that the Court does not deny Defendant's Motion to Dismiss, Plaintiff should also be granted leave to conduct jurisdictional discovery.

"[W]here pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed."  *Young v. Crofts*, 64 F. App'x 24, 25 (9th Cir. 2003) (holding that the plaintiffs faced with a 12(b)(1) motion contesting standing "should have been allowed reasonable discovery to determine the facts that went to the issue of their standing under Article III").  In the present case, pertinent facts bearing on the question of jurisdiction are in dispute, namely whether Defendant and its employees marketed, sold, or otherwise conducted business in relation to the Products in an unlawfully misleading way that injured Plaintiff.  Plaintiff's Complaint alleges that Defendant is, in fact, responsible for the unlawful and unfair deceptive marketing conduct leading to Plaintiff's

---

[4] To be clear, Kaizencure LLC should remain a Defendant.  Even now, Defendant's declaration implies that it was responsible for at least *some* of the "planning and execution of Craftoria's advertising, marketing, labeling, packaging, testing, and/or business operations" – or Defendant would have issued a full-throated denial rather than a qualified statement.  *See* Dobrenko Decl. ¶ 8.  The extent to which party bears responsibility for each specific practice will be borne out in discovery.

injury. ECF No. 1 ¶¶ 5-7, 12-13, 35-40. Defendant has submitted the Dobrenko Declaration contesting its relationship with the Website and the selling, marketing, labelling, and advertising of the Products. ECF No. 27-1 ¶¶ 4-8. This sufficiently puts the pertinent facts of jurisdiction in dispute. Thus, if the Court is not persuaded that Plaintiff's pleadings were already sufficient, Plaintiff should be allowed to conduct jurisdictional discovery.

Indeed, ruling on Defendant's 12(b)(1) factual attack without giving Plaintiff an opportunity to conduct discovery into the issues raised in Defendant's motion and accompanying declarations would constitute reversible error. *Vera v. Bureau of Indian Affairs*, 738 F. App'x 431, 432 (9th Cir. 2018) ("Because we conclude that this jurisdictional motion should have been treated as a motion for summary judgment and that some discovery must be conducted before summary judgment can be granted, we vacate and remand for further proceedings."); *Am. W. Airlines, Inc. v. GPA Grp., Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989) ("where pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed"); *Young*, 64 F. App'x at 26 (plaintiffs "faced with a 12(b)(1) motion, should have been allowed reasonable discovery to determine the facts that went to the issue of their standing under Article III"); *City of Lincoln v. United States*, 283 F. Supp. 3d 891, 897 (E.D. Cal. 2017) ("Where the intertwined factual issues are disputed, discovery should be allowed, and the court should leave the resolution of the jurisdictional issues to the trier of fact.") (internal citations omitted); *Levitt*, 2011 WL 5079526, at *3 ("The Court also notes that Plaintiffs have not been afforded an opportunity to conduct discovery. Thus, permitting a Rule 12(b)(1) challenge based on facts asserted by Yelp would be inappropriate. *Cf.* Fed. R. Civ. P. 56(d)."). Here, before Plaintiff can be required to directly address Defendant's fact-based arguments, he must be afforded discovery into Defendant's marketing practices and relationship with the Website and Products. Absent such, dismissal based solely on Defendant's mere say-so is inappropriate.

IV.  **CONCLUSION**

Plaintiff respectfully requests that the Court deny Defendant's Motion. Alternately, Plaintiff respectfully requests leave to amend to add in Marek Dobrenko and Golden Gains, LLC, and to address any deficiencies the Court may identify, or conduct jurisdictional discovery. *See Morongo*

*Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (stating that granting leave to amend represents a policy that "is to be applied with extreme liberality").

| | |
|---|---|
| Dated: January 14, 2025 | **BURSOR & FISHER, P.A**. |
| | By:  /s/ *Victoria X. Zhou* |
| |         Victoria X. Zhou |
| | |
| | Victoria X. Zhou (*pro hac vice*) |
| | 1330 Avenue of the Americas, 32nd Floor |
| | New York, NY 10019 |
| | Telephone: (646) 837-7142 |
| | Facsimile:  (212) 989-9163 |
| | Email: vzhou@bursor.com |
| | |
| | **BURSOR & FISHER, P.A.** |
| | Neal J. Deckant (State Bar No. 322946) |
| | 1990 North California Blvd., 9th Floor |
| | Walnut Creek, CA 94596 |
| | Telephone: (925) 300-4455 |
| | Facsimile:  (925) 407-2700 |
| | Email: ndeckant@bursor.com |
| | |
| | *Attorneys for Plaintiff* |