**BELLATRIX LAW, P.C.**
Brianna K. Pierce (State Bar No. 336906)
16868 Via Del Campo Ct., Ste 100
San Diego, California 92127
Telephone: (858) 338-5650
E-Mail: bkp@bellatrix-law.com

*Attorney for Defendant Kaizencure*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JWAL SHELAT, individually and on behalf of all other similarly situated, | Case No. 3:24-cv-04696-AMO |
| Plaintiff, | Hon. Araceli Martinez-Olguin |
| v. | **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** |
| KAIZENCURE LLC, d/b/a CRAFTORIA, | |
| Defendant. | Hearing Date: June 6, 2025 |

**Table of Contents**

I. Introduction ...................................................................................................................1

II. Argument .......................................................................................................................1

    A. Defendant's Challenge Does Not Go to the Merits of the Case ................................1

    B. Plaintiff Has Failed to Rebut Defendant's Factual Challenge ...................................2

    C. Requesting Permission to Amend the Pleadings is Procedurally Inappropriate ........4

    D. Further Jurisdictional Discovery is Inappropriate ......................................................6

III. Conclusion ....................................................................................................................7

# Table of Authorities

**Cases**   **Page(s)**

*Anderson v. Seliger*, No. 5:19-CV-05630-EJD, 2020 WL 1139647 (N.D. Cal. 2020) ...................... 3

*Augustine v. United States*, 704 F.2d 1074 (9th Cir. 1983) ............................................................. 2

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008) ..................................................................... 7

*Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134 (9th Cir. 2024) ................................................ 6

*Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.*
    788 F.2d 535 (9th Cir. 1986) ..................................................................................................... 7

*California v. Trump*, 379 F. Supp. 3d 928 (N.D. Cal. 2019)
    aff'd, 963 F.3d 926 (9th Cir. 2020) ........................................................................................... 2

*Cent. Delta Water Agency v. United States*, 306 F.3d 938 (9th Cir. 2002) ..................................... 2

*Coho Salmon v. Pac. Lumber Co.*, 61 F. Supp. 2d 1001 (N.D. Cal. 2019) ...................................... 4

*Colwell v. Dep't of Health & Hum. Servs.*, 558 F.3d 1112 (9th Cir. 2009) ..................................... 3

*Corcera Sols., LLC v. Razor, Inc.*
    No. 5:13-CV-05113-PSG, 2014 WL 587869 (N.D. Cal. 2014) ............................................... 7

*Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) ........................................ 5–6

*Foman v. Davis*, 371 U.S. 178 (1962) ......................................................................................... 5–6

*Frigard v. United States*, 862 F.2d 201 (9th Cir. 1988) .................................................................. 6

*GeoSolutions B.V. v. Sina.com Online*
    No. 5:21-CV-08019-EJD, 2023 WL 2562392 (N.D. Cal. 2023) ............................................. 7

*Iliya v. United States Marshals Serv.*
    No. 24-CV-03720-TSH, 2024 WL 5190361 (N.D. Cal. 2024) ............................................... 3

*Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189 (9th Cir. 2008) ......................... 6

*Laub v. U.S. Dep't of Interior*, 342 F.3d 1080 (9th Cir. 2003) ........................................................ 7

*Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014) .......................................................................... 6

*Levitt v. Yelp! Inc.*, No. C-10-1321 EMC, 2011 WL 5079526 (N.D. Cal. 2011)
    aff'd, 765 F.3d 1123 (9th Cir. 2014) ......................................................................................... 2

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) ............................................................................. 4

*Martel v. County of Los Angeles*, 56 F.3d 993 (9th Cir. 1995) ....................................................... 7

*Murthy v. Missouri*, 603 U.S. 43 (2024) ..................................................................................4

*NOSSK, Inc. v. Fitness Anywhere LLC*
 No. 21-CV-08914-BLF, 2022 WL 1489467 (N.D. Cal. 2022) ...............................................5

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001)..........................................5

*Roberts v. Corrothers*, 812 F.2d 1173 (9th Cir.1987)................................................................6

*Safe Air for Everyone v. Myer*, 373 F.3d 1035 (9th Cir. 2004).......................................................1–3

*Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*
 343 F.3d 1036 (9th Cir. 2003).................................................................................3

*Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26 (1976) ..........................................4

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016)...........................................................................2

*St. Clair v. City of Chico*, 880 F.2d 199 (9th Cir. 1989) .................................................................3

*Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138 (9th Cir. 1983) .................................................1

*Utterkar v. Ebix, Inc.*, No. 14-CV-02250-LHK, 2015 WL 5027986 (N.D. Cal. 2015) ......................6

*Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136 (9th Cir. 2003).............................................2

*Whitaker v. Broadway Jewelry Mart, LLC*
 No. CV 20-8822-JFW(JCX), 2021 WL 4353241 (C.D. Cal. 2020) .....................................2

*William Blackwell, et al., v. Carrington Mortgage Services, LLC, et al.*
 No. 24-CV-06494-BLF, 2025 WL 267353 (N.D. Cal. 2025)..........................................5–6

*Woolfson v. Conn Appliances, Inc.*
 No. 21-CV-07833-MMC, 2022 WL 888442 (N.D. Cal. 2022) .............................................6

**Other authorities**

28 U.S.C. § 2401(b) ..............................................................................................................2

42 U.S.C. § 6972(a)(1)(B)......................................................................................................2

42 U.S.C. § 12101 ................................................................................................................2

47 U.S.C. § 230(c)................................................................................................................2

Fed. R. Civ. P 15(a)...........................................................................................................4–5

Civil L.R. 7-1 ........................................................................................................................5

Civil L.R. 7-2 ........................................................................................................................5

Civil L.R. 7-3 ........................................................................................................................5

I.  **INTRODUCTION**

In his Opposition, Plaintiff makes four arguments: first, that Defendant's challenge goes to the merits of the claim such that resolution would be inappropriate at this time; second, that the facts evinced by each party weigh against dismissal; third, that he should be granted leave to amend his pleadings; and fourth, that further jurisdictional discovery is warranted. Each of these arguments fails. As a result, the Court should grant Defendant's motion and dismiss this case for lack of subject matter jurisdiction.

II.  **ARGUMENT**

A.  **Defendant's Challenge Does Not Go to the Merits of the Case.**

Plaintiff bases his argument against the jurisdictional challenge in Defendant's Motion to Dismiss ("MTD") on the premise that "when the question of jurisdiction is dependent on the resolution of factual issues going to the merits," resolution "at the motion to dismiss stage" would be "inappropriate." Dkt. 32 at 4. In support of this argument, Plaintiff has marshaled case law, but has misunderstood what it means for a fact to "g[o] to the merits." *Id*. As a result, the cited precedents are inapposite, and the argument misses its mark.

The cases Plaintiff cites do say what he claims—that certain factual jurisdictional challenges which impinge on the merits of the case should not be determined via a jurisdictional finding alone. *See, e.g., Safe Air for Everyone v. Myer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("*Safe Air*") ("[A] jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action."). However, the very next line of *Safe Air* both elucidates this axiom and renders it inapplicable to the case at bar: "[t]he question of jurisdiction and the merits of an action are intertwined <u>where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief</u>." *Id*. (citing *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 139 (9th Cir. 1983)) (emphasis added). In this case, while Plaintiff has based several of his substantive claims on statutes, they are all <u>state</u> statutes.

1  Dkt. 1 at 50–91. Plaintiff's assertion of federal subject matter jurisdiction was based on diversity,
2  and not on a federal question. *Id*. at 14.

3        The cases Plaintiff relies upon are inapposite for the same reason—a federal question was
4  raised, which by necessity entangled the questions of jurisdiction and merits. The *Safe Air* Court
5  was ruling on claims based on the federal Resource Conservation and Recovery Act ("RCRA"), 42
6  U.S.C. § 6972(a)(1)(B). *Safe Air*, 373 F.3d at 1040. The *Augustine* Court was ruling on claims based
7  on the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b). *Augustine v. United States*, 704
8  F.2d 1074, 1075 (9th Cir. 1983). The *Whitaker* Court was ruling on a claim under the federal
9  Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101. Complaint at ¶ 24, *Whitaker v.*
10 *Broadway Jewelry Mart, LLC*, No. CV 20-8822-JFW(JCX), (C.D. Cal. Aug. 28, 2020), ECF No. 1.
11 And the *Levitt* Court, which Plaintiff relies on most heavily, was ruling on claims under the federal
12 Communications Decency Act ("CDA"), 47 U.S.C. § 230(c). *Levitt v. Yelp! Inc.*, No. C-10-1321
13 EMC, 2011 WL 5079526, at *1 (N.D. Cal. 2011), *aff'd*, 765 F.3d 1123 (9th Cir. 2014). Jurisdictional
14 dismissals in these federal question cases are "exceptional" and motions for the same are subject to
15 a different, higher standard. *Safe Air*, 373 F.3d at 1039. As a result, Plaintiff's reasoning cannot
16 apply to this case and must be disregarded.

17       Defendant's challenge to standing is simple: Plaintiff has sued the wrong defendant.
18 Defendant's challenge implicates no federal statute nor any element of an offense. And the fact that
19 "Plaintiff's claims rise or fall" based on the fact of Defendant's identity does not transmute a point
20 of procedure into a question of merit. Dkt. 32 at 4. It is merely proof that the failure is fatal. Plaintiff
21 has sued the wrong party, and he has no standing to prosecute a case against the wrong party.
22 Accordingly, the Court should dismiss the Complaint, leaving Plaintiff free to re-file any case for
23 which there is a good faith basis.

24   **B. Plaintiff Has Failed to Rebut Defendant's Factual Challenge.**

25       The burden of proving standing lies with plaintiffs. *California v. Trump*, 379 F. Supp. 3d
26 928, 928 (N.D. Cal. 2019), *aff'd*, 963 F.3d 926 (9th Cir. 2020) (citing *Spokeo, Inc. v. Robins*, 578
27 U.S. 330, 338 (2016), *as revised* (May 24, 2016)). And plaintiffs must successfully support standing
28

"at each stage of litigation in the same manner as any other essential element of the case." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1138 (9th Cir. 2003) (citing *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 947 (9th Cir. 2002)). "In support of a motion to dismiss under Rule 12(b)(1), the moving party may submit affidavits or any other evidence." *Colwell v. Dep't of Health & Hum. Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). By submitting such evidence and "disput[ing] the truth of the allegations," a party makes a factual attack. *Safe Air*, 373 F.3d at 1039. When ruling on a factual attack, "the court need not presume the truthfulness of the plaintiff's allegations." *Iliya v. United States Marshals Serv.*, No. 24-CV-03720-TSH, 2024 WL 5190361, at *2 (N.D. Cal. 2024) (citing *Safe Air*, 373 F.3d at 1039). Moreover, the court may review evidence beyond the complaint "without converting a motion to dismiss into one for summary judgment." *Id*. Crucially, once a factual challenge has been made, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Anderson v. Seliger*, No. 5:19-CV-05630-EJD, 2020 WL 1139647, at *3 (N.D. Cal. 2020) (citing *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

In support of its MTD, Defendant's owner Marek Dobrenko ("Dobrenko") submitted an affidavit unequivocally denying any relationship between Defendant and Plaintiff, thereby mounting a factual attack on the Complaint. Dkt. 27-1; *see Safe Air*, 373 F.3d at 1039. In response, Plaintiff was required to provide his best evidence in order "to satisfy [his] burden of establishing subject matter jurisdiction." *Anderson*, 2020 WL 1139647 at *3. To put it bluntly, Plaintiff's evidence is bare-bones—he provided a screenshot from a third-party social media site with no relation to the pricing violations alleged in the Complaint. Dkt. 32-1 at Ex. 1. A single mention of Defendant's name on a social media page, divorced from any implication that Defendant participated in any way in the alleged injurious conduct, cannot overcome the affidavit submitted by Dobrenko, which directly contradicts the unsupported allegations made in the Complaint: "Kaizencure LLC does not conduct, <u>nor ever has conducted</u>, business operations under the name Craftoria." Dkt. 27-1 at 5 (emphasis added). Dobrenko has sworn that Defendant does not

1  manufacture Craftoria products; Defendant does not market Craftoria products; Defendant does not
2  advertise Craftoria products; and Defendant does not distribute Craftoria products. *Id*. at 8 (citing
3  Dkt. 1 at 13). Further discovery would result in precisely the same evidence: testimony from
4  Dobrenko repeating just as clearly that Kaizencure has no part in the activity alleged in the
5  Complaint.[1]

6  In fact, Plaintiff's submission negates, rather than proves, Plaintiff's standing. He offers the
7  Terms of Service hosted on the Craftoria website, which clearly denote an owner different from
8  Defendant. Dkt. 32-1 at Ex. 2. This evidence impacts both the causality and redressability prongs of
9  standing as set forth in Defendant's MTD. Dkt. 27 at 5–6. It further attenuates any causal connection
10 between Defendant and Plaintiff's alleged harms by showing that indeed, the alleged injury has
11 resulted "from the independent action of some third party not before the court." *Murthy v. Missouri*,
12 603 U.S. 43, 44 (2024) (citing *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41–
13 42 (1976)). Plaintiff's submission further supports Defendant's argument that there is no likelihood
14 that an order requiring Kaizencure to change its practices and make restitution would redress any
15 alleged injury—Kaizencure "does not exercise, nor ever has exercised, control" over Craftoria's
16 practices. Dkt. 27-1 at 7; *Coho Salmon v. Pac. Lumber Co.*, 61 F. Supp. 2d 1001, 1014 (N.D. Cal.
17 2019) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 571 (1992)). The full weight of the evidence
18 provided by both parties goes towards a finding that Plaintiff lacks standing, and thus towards a full
19 dismissal of the action for lack of subject matter jurisdiction.

20 **C. Requesting Permission to Amend the Pleadings is Procedurally Inappropriate.**

21 Plaintiff devotes a large percentage of his opposition to arguing that he should be granted
22 leave to amend his pleading. Dkt. 32 at 7–8. This argument is inappropriate for multiple reasons.
23 First, Plaintiff <u>was</u> entitled to amend his pleading as a matter of course under Fed. R. Civ. P
24 15(a)(1)(B): "A party may amend its pleading once as a matter of course no later than 21 days after

---

[1] Plaintiff attempts to argue that on this issue Defendant has not made a "full-throated denial," yet the language of "primarily or exclusively" comes directly from Plaintiff's Complaint. Dkt. 32 at 8 n.4; Dkt. 1 at 13. No negative inference is justified by the full and direct rebuttal of Plaintiff's own language.

service of a responsive pleading." In its Amended Answer, Defendant repeatedly pointed Plaintiff to the Terms of Service on the Craftoria website, thus putting Plaintiff on notice that the Craftoria website describes a wholly different ownership structure than that alleged in the Complaint. Dkt. 15 at 9–10. Rather than amending, however, Plaintiff forced Defendant to incur the expense of preparing and filing a motion to dismiss. And now that Defendant incurred the expense, Plaintiff has still made a procedurally improper request for leave to amend—a choice which wastes the time and energy of all parties and the Court.

Second, all requests for this Court to issue an order, such as one granting leave to amend under Fed. R. Civ. P. 15(a)(2), are to be presented to the Court by one of the means described in Civil L.R. 7-1(a). A request for leave to amend a pleading would fall under Civil L.R. 7-1(a)(1), which requires the full process of notice, service, calendaring, and proposed order as would apply to any other substantive motion under Civil L.R. 7-2.

Anything less than strict adherence to the Civil Local Rules would severely disadvantage Defendant. A procedurally proper motion for leave to amend under Civil L.R. 7-2 will afford Defendant with the standard opportunity to oppose, including the full two weeks to prepare an opposition and the full 25 pages of length in which to argue it. Civil L.R. 7-3. As presented, the request contained in Plaintiff's opposition does not afford those same benefits to Defendant. The procedural impropriety and waste exhibited here is characteristic of Plaintiff's entire case to date, and the Court should disregard this argument.

However, if the Court does consider this request, leave to amend should still not be granted. Generally, Fed. R. Civ. P 15 advises courts to permit leave to amend "with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001)). However, the Supreme Court has articulated a test which district courts must apply when considering leave to amend. *Id*. at 1052 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The *Foman* factors include "(1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment." *NOSSK, Inc. v. Fitness Anywhere*

*LLC*, No. 21-CV-08914-BLF, 2022 WL 1489467, at *3 (N.D. Cal. 2022) (citing *Eminence*, 316 F.3d at 1052). "Prejudice to the opposing party" carries the greatest weight. *William Blackwell, et al., v. Carrington Mortgage Services, LLC, et al.*, No. 24-CV-06494-BLF, 2025 WL 267353, at *2 (N.D. Cal. 2025) (citing *Eminence*, 316 F.3d at 1052).

Here, granting both Defendant's MTD and Plaintiff's leave to amend (as specifically requested in Plaintiff's Opposition, Dkt. 32 at 7) would prejudice Defendant. Where all causes of action have been dismissed against a party, forcing that party to remain in the case to continue litigating unduly prejudices that party under *Foman*. *Utterkar v. Ebix, Inc.*, No. 14-CV-02250-LHK, 2015 WL 5027986, at *6 (N.D. Cal. 2015) (denying leave to amend). The Court should not hold both that it has no subject matter jurisdiction over the claims against Kaizencure <u>and</u> that Kaizencure should remain in active litigation while Plaintiff attempts to remedy his failures. Full dismissal without prejudice is the only just solution. *See, e.g., Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court."). Following such a dismissal, Plaintiff will be free to conduct his due diligence (which should have been conducted prior to filing the Complaint) and bring any claims he chooses against any party— subject to his obligations under the Federal and Local Rules.

**D. Further Jurisdictional Discovery is Inappropriate.**

"The district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008) (citing *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987)). In this Circuit, when a court is faced with a factual attack on standing pursuant to Rule 12(b)(1), the court must avoid the resolution of material factual disputes <u>only</u> "when the issue of standing is intertwined with an element of the merits of the plaintiff's claim." *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1144 (9th Cir. 2024) (citing *Leite v. Crane Co.*, 749 F.3d 1117, 1122

(9th Cir. 2014)). Here, as described *supra* at II.A, standing and merits are not linked, and the Court may rule on the jurisdictional issue at this juncture.

Further, this Court is vested with "broad discretion to permit or deny discovery on jurisdictional issues." *Woolfson v. Conn Appliances, Inc.*, No. 21-CV-07833-MMC, 2022 WL 888442, at *8 (N.D. Cal. 2022) (citing *Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)). A decision to deny discovery will stand absent "the clearest showing [of] actual and substantial prejudice," such as "a reasonable probability that the outcome would have been different had discovery been allowed." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (citing *Martel v. County of Los Angeles*, 56 F.3d 993, 995 (9th Cir. 1995) (en banc)). But "where a plaintiff's request is based on little more than a hunch that it might yield jurisdictionally relevant facts, jurisdictional discovery is not warranted." *GeoSolutions B.V. v. Sina.com Online*, No. 5:21-CV-08019-EJD, 2023 WL 2562392, at *8 (N.D. Cal. 2023) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)). "Broad speculations" do not rise above the "mere hunch bar." *Corcera Sols., LLC v. Razor, Inc.*, No. 5:13-CV-05113-PSG, 2014 WL 587869, at *3 (N.D. Cal. 2014) (denying jurisdictional discovery when plaintiff claimed that defendant might operate in California and defendant submitted a sworn declaration denying ever having operated in California).

In the instant dispute, jurisdictional discovery is inappropriate. Plaintiff has had a full opportunity in his Opposition to develop a causal connection between Defendant and any of the alleged conduct at issue. In response, he offers one mention of Defendant in a screenshot and speculates that Defendant could still be somehow conducting business with respect to the Products despite the denials in Dobrenko's sworn affidavit. Dkt. 32 at 8; Dkt. 27-1. This is a "mere hunch" under the precedent of this District. *Corcera*, 2014 WL 587869 at *3. Granting further discovery on this issue would therefore be inappropriate, as well as onerous, costly, and fundamentally useless.

III. **CONCLUSION**

Plaintiff has misunderstood the nature of Defendant's motion to dismiss in every aspect. The question of whether he has sued the right party does not implicate the merits of the case. Plaintiff

7

submits evidence which, on the whole, supports Defendant's position that Plaintiff lacks standing. Plaintiff requests relief from the Court without following the procedural guidelines set by the Federal and Local Rules. And jurisdictional discovery is inapposite when a factual challenge is supported with evidence on each side. In short, the facts against subject matter jurisdiction evinced by Defendant have not been rebutted: Kaizencure has done no harm to Plaintiff; Plaintiff has no standing to sue Kaizencure; and this Court must therefore dismiss Plaintiff's Complaint.

Dated: January 28, 2025　　　　　　　　　　　　　Respectfully submitted,

/s/ Brianna K. Pierce
Brianna K. Pierce (State Bar No. 336906)
**BELLATRIX LAW, P.C.**
16868 Via Del Campo Ct., Ste 100
San Diego, California 92127
Telephone: (858) 338-5650
E-Mail: bkp@bellatrix-law.com

Eric S. Rosen (*pro hac vice*)
**DYNAMIS LLP**
225 Franklin St., 26th Floor
Boston, Massachusetts 02110
Telephone: (617) 802-9157
E-Mail: erosen@dynamisllp.com

Constantine P. Economides (*pro hac vice*)
**DYNAMIS LLP**
1111 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 985-2959
E-Mail: ceconomides@dynamisllp.com

*Attorneys for Defendant Kaizencure*

# CERTIFICATE OF SERVICE

No. 3:24-cv-04696-AMO

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

Dated: January 28, 2025

Respectfully submitted,

*/s/ Brianna K. Pierce*
Brianna K. Pierce (State Bar No. 336906)
**BELLATRIX LAW, P.C.**
16868 Via Del Campo Ct., Ste 100
San Diego, California 92127
Telephone: (858) 338-5650
E-Mail: bkp@bellatrix-law.com

*Attorney for Defendant Kaizencure*