**BELLATRIX LAW, P.C.**
Brianna K. Pierce (State Bar No. 336906)
16868 Via Del Campo Ct., Ste 100
San Diego, California 92127
Telephone: (858) 338-5650
E-Mail: bkp@bellatrix-law.com

*Attorney for Defendant Kaizencure*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JWAL SHELAT, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br>v.<br><br>KAIZENCURE LLC, d/b/a CRAFTORIA,<br><br>Defendant. | Case No. 3:24-cv-04696-AMO<br><br>Hon. Araceli Martinez-Olguin<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY**<br><br>Hearing Date: June 6, 2025 |

I. **INTRODUCTION**

Plaintiff's opposition makes broad statements about the way "our legal system [works]" while demanding an opportunity to play factfinder and "determine the validity" of the arguments and evidence elsewhere presented to the Court. Dkt. 33 at 1. Defendant respectfully requests that the Court treat these arguments with the deference they deserve: none.

II. **ARGUMENT**

Both parties concur that a two-pronged test governs whether a stay of discovery may be issued pending resolution of a dispositive motion. Dkt. 31 at 2; Dkt. 33 at 1. The motion must be potentially dispositive of the whole case, and the motion must be justiciable absent further discovery. *See, e.g., In re Nexus 6p Prod. Liab. Litig.*, No. 17-CV-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. 2017) (collecting cases). Contra Plaintiff's protests, Defendant has handily met both prongs.

A. **Defendant's Motion is Dispositive.**

As with its opposition to Defendant's Motion to Dismiss ("MTD"), Plaintiff cites a series of inapposite cases in an attempt to dispute the clear law governing whether a dispositive motion warrants a stay of discovery. Indeed, the majority of Plaintiff's cited cases analyze a stay of discovery in the context of a complex Rule 12(b)(6) motion or a fact-intensive Rule 12(b)(2) motion. For example, the *Barrett* court was considering a motion to dismiss eleven claims under Rule 12(b)(6) for failure to state a claim—a motion that was very unlikely to fully dispose of the case. *Barrett v. Apple Inc.*, No. 5:20-CV-04812-EJD, 2020 WL 13815568, at *1 (N.D. Cal. 2020). Similarly, the *Optronic* court was considering a motion to dismiss under Rule 12(b)(6) for four separate causes of action. *See* First Amended Complaint at ¶¶ 124–48, *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-cv-06370-EJD (N.D. Cal. Nov. 3, 2017), ECF 41. The *Power Integrations* court was assessing three claims under Rule 12(b)(6). *Power Integrations, Inc. v. Park*, No. 16-CV-02366-BLF, 2016 WL 10859441, at *2 (N.D. Cal. 2016). And the *Trama* court was considering a motion to dismiss based on Rule 12(b)(2) for lack of personal jurisdiction—a heavily fact-intensive inquiry. Motion at 1, *Trama, et al. v. Relix PLC, et al.*, No. CV 24-3174-DSF(EX),

1  (C.D. Cal. Sept. 5, 2024) ECF 50. In short, none of the foregoing cases analyze a 12(b)(1) motion
2  and, therefore, are not instructive here.

3  While Plaintiff does cite two cases that analyze a stay of discovery in the context of a Rule
4  12(b)(1) motion for lack of subject matter jurisdiction, even those cases do not support Plaintiff's
5  position. First, in *SVB*, the court denied the defendant's motion to stay noting, *inter alia*, that the
6  contested issues raised in the <u>partial</u> motion to dismiss under 12(b)(1) and 12(b)(6)—i.e., federal
7  preemption and the classification of claims—"require careful consideration and are subjects of
8  reasonable dispute such that the Court is not confident that [the defendant] will succeed in disposing
9  of all the issues on which discovery is sought." *SVB Fin. Grp. v. Fed. Deposit Ins. Corp.*, No. 23-
10 CV-06543-BLF, 2024 WL 1898439, at *3 (N.D. Cal. 2024). And second, in *EHang*, the defendant's
11 underlying 12(b)(1) motion for lack of subject matter jurisdiction was based on a lack of diversity
12 among the parties and ripeness of the claims—which, like in *SVB*, are complex issues upon which
13 reasonable people can disagree. *EHang Inc. v. Wang*, No. 21-CV-02700-BLF, 2021 WL 3934325,
14 at *2 (N.D. Cal. 2021). Thus, like the *SVB* court, the *EHang* court denied the defendant's motion to
15 stay, noting that it was unable to determine at that time whether the defendant was likely to prevail
16 and, if so, whether the plaintiff would be granted leave to amend. *Id*.

17 Unlike in *SVB* and *EHang*, Defendant's MTD does <u>not</u> require analysis of any issues upon
18 which reasonable people can disagree. Rather, it is based on one basic, verifiable, and indisputable
19 fact: Plaintiff sued the wrong party. Plaintiff has not and, even if offered the opportunity to amend
20 the complaint, cannot disprove that critical fact. As a result, this Court lacks subject matter
21 jurisdiction over Defendant, Defendant's MTD is likely to succeed on the merits, and leave to amend
22 the complaint is likely to be denied. *See Schultz v. Harry S. Truman Scholarship Found.*, No. 20-
23 CV-04058-MMC, 2022 WL 3691663, at *6 n.6 (N.D. Cal. 2022) (citing *Steel Co. v. Citizens for a*
24 *Better Env't*, 523 U.S. 83, 94 (1998)) (when a court lacks subject matter jurisdiction over a matter,
25 "the only function [remaining] to the court is that of announcing the fact and dismissing the cause.").
26 *Id*. Accordingly, the dispositive nature of Defendant's MTD warrants a stay of discovery.

27
28

**B. Defendant's Motion is Fully Briefed and Justiciable.**

Defendant's motion is ripe without further discovery. As of January 28, 2025, the pending MTD is fully briefed. Dkt. 34. Both parties have presented their most convincing evidence regarding the question of whether this Court has subject matter jurisdiction over Defendant. As described more fully in Defendant's MTD Reply, the evidence evinced by the briefing has not resulted in contested jurisdictional facts—<u>both</u> parties have presented proof that Kaizencure is not the party from which Plaintiff purchased the subject products. *Id*. at 4. No further discovery is needed on this issue, and no other issue may be considered until the Court determines whether it has jurisdiction. *Schultz*, 2022 WL 3691663 at *6.

Although Plaintiff is adamant that he "must have access to information" regarding Defendant's business, it is unclear by what right he claims this privilege and when he anticipates using it. Dkt. 33 at 4. The MTD is fully briefed—gaining access to private information regarding an innocent party's business operations will not give rise to a right of sur-reply. Civil L.R. 7-3(d). And Defendant's evidence is already attached to its motion. Dkt. 27-1. Most importantly, Plaintiff has already represented to the Court that he knows "a third party not before the court" controls the website where his alleged harms were received. Dkt. 34 at 4 (citing Dkt. 32-1); *Murthy v. Missouri*, 603 U.S. 43, 44 (2024) (citing *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41–42 (1976)). And Plaintiff has now issued discovery requests not contemplated or disclosed in the Case Management Statement. Dkt. 33 at 4; Dkt. 26 at 5. Continuing to burden Defendant with scores of Requests for Production and Interrogatories—after admitting that a different controlling party exists (and after the conclusion of briefing)—amounts to a fishing expedition that Defendant should not be forced to pay for or endure. *Compare Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL 489743, at *10 (E.D. Cal. 2011) (An argument for further discovery to "aid plaintiff in curing any potential pleading deficiencies" was "not well-taken.").

Finally, a stay of discovery would not prejudice Plaintiff as he neither alleges ongoing harm nor demonstrates that his claims will become moot in the event of a stay. Dkt. 1. But discovery would prejudice Defendant. Plaintiff failed to conduct due diligence and sued the wrong party. If

the MTD is granted, then the wrong party would have needlessly engaged in discovery. If it is denied, then the jurisdictional issue and need for discovery would be moot. Simply put, Plaintiff should conduct his own due diligence and sue the right party, not use a hastily filed and jurisdictionally defective complaint as a discovery tool. Indeed, Plaintiff has already acknowledged that Defendant is not the proper party. Dkt. 33 at 4. The relevant facts are established, and no more need be presented: Defendant's MTD is justiciable without further discovery.

### III. CONCLUSION

Defendant's Motion to Dismiss is dispositive of the entire matter at bar, and it is ripe for decision without further discovery. For the foregoing reasons, Defendant requests that the Court stay discovery in this case pending resolution of the Motion to Dismiss.

Dated: January 30, 2025                                  Respectfully submitted,

/s/ Brianna K. Pierce
Brianna K. Pierce (State Bar No. 336906)
**BELLATRIX LAW, P.C.**
16868 Via Del Campo Ct., Ste 100
San Diego, California 92127
Telephone: (858) 338-5650
E-Mail: bkp@bellatrix-law.com

Eric S. Rosen (*pro hac vice*)
**DYNAMIS LLP**
225 Franklin St., 26th Floor
Boston, Massachusetts 02110
Telephone: (617) 802-9157
E-Mail: erosen@dynamisllp.com

Constantine P. Economides (*pro hac vice*)
**DYNAMIS LLP**
1111 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 985-2959
E-Mail: ceconomides@dynamisllp.com

*Attorneys for Defendant Kaizencure*

# CERTIFICATE OF SERVICE

No. 3:24-cv-04696-AMO

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

Dated: January 30, 2025              Respectfully submitted,

/s/ Brianna K. Pierce
Brianna K. Pierce (State Bar No. 336906)
**BELLATRIX LAW, P.C.**
16868 Via Del Campo Ct., Ste 100
San Diego, California 92127
Telephone: (858) 338-5650
E-Mail: bkp@bellatrix-law.com

*Attorney for Defendant Kaizencure*